# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRENDA WILLIAMS, as Personal Representative for the Estate of Willie P. Johnson, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 09-cv-638-PMF |
| v. | ) ) | |
| CITY OF EAST ST. LOUIS, et al., | ) ) | |
| Defendants. | | |

## MEMORANDUM AND ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is a motion for summary judgment filed by defendants City of East St. Louis and Keith Randolph (Doc. No. 46). Plaintiff Brenda Williams is proceeding on a § 1983 claim in her capacity as the representative of the estate of Willie P. Johnson, deceased. Johnson died from a gunshot wound on July 29, 2007. Williams claims that defendant Randolph used deadly force in violation of Johnson's Fourth Amendment right to be free from unreasonable seizure. She further claims that the City of East St. Louis is liable based on continued employment of Randolph, policies favoring unnecessary application of force, and insufficient firearms training (Doc. No. 30).

The motion is supported by two arguments: that the existence of policies, practices or customs sufficient to support a finding of municipal liability cannot be proved against the City of East St. Louis, and that the underlying Fourth Amendment deprivation cannot be proved as to defendant Randolph. The motion is opposed (Doc. No. 63). A reply is on file (Doc. No. 66).

### I. Summary Judgment Standard

Summary judgment is proper where admissible evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact arises when the facts and inferences drawn in favor of the nonmoving party would permit a jury to return a verdict for that party. *Faas v. Sears, Robuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008). If plaintiff fails to make a sufficient showing on an essential element of her case upon which she will bear the burden of proof at trial, summary judgment is proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## II. Issues Presented

The pleadings establish that the defendants were acting under color of state law. Plaintiff bears the burden of proof on the remaining element of her claim: that the defendants' conduct deprived Johnson of a right, privilege, or immunity guaranteed by the Constitution or laws of the United States. *Larsen v. Beloit*, 130 F.3d 1278, 1282 (7th Cir. 1997). Because plaintiff is asserting a Fourth Amendment violation, she must prove that, considering the facts and circumstances that confronted Randolph (and not 20/20 hindsight), he behaved in an "objectively unreasonable" manner. *Graham v. Connor*, 490 U.S. 386, 397(1989). Deadly force may be used when a police officer has reasonable cause to believe that a suspect poses a danger of death or serious bodily harm, such as when the officer believes a suspect has a weapon. *Tennessee v. Garner*, 471 U.S. 1 (1985); *Jacobs v. City of Chicago*, 215 F.3d 758, 774 (7th Cir. 2000). Factors relevant to the Fourth Amendment inquiry include: (1) whether Johnson was under arrest or suspected of committing a crime: (2) the severity of the crime being committed; (3) whether Johnson was interfering with Randolph's execution of his duties; (4) whether Johnson was armed or posed an immediate threat to the safety of officers or others; and (5) whether Johnson was actively resisting arrest. *Graham v. Connor,* 490 U.S. at 396; *McDonald v. Haskins*, 966 F.2d 292, 292-3 (7th Cir. 1992). As to the claim against the City of East St. Louis, plaintiff must prove that Randolph was enforcing an express policy of the City, that there was a widespread practice constituting custom or usage with the force

of law, or that Randolph had final policymaking authority. *Latuszkin v. City of Chicago,* 250 F.3d 502, 504 (7th Cir.2001); *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-91 (1978).

### III. Admissibility of Plaintiff's Exhibit B

The Court first considers whether plaintiff's proposed Exhibit B may be considered in determining whether an issue of fact exists for trial. Exhibit B is a photocopy of a newspaper article purportedly printed by the Belleville News-Democrat on July 30, 2007. The article reports interviews conducted by Carolyn P. Smith, who relates statements made by from several persons, including Robert Winston (Doc. No. 63-2). Plaintiff suggests that the article is not hearsay because it is not offered for the truth of the matter asserted. She suggests that the article may be considered in determining whether Officer Randolph reasonably believed that his own life was in danger when he fired his weapon at Mr. Johnson. Alternatively, plaintiff argues that the residual exception to the hearsay rule applies to the statements attributed to Mr. Winston.

Hearsay is an out-of-court statement other than one made by the declarant while testifying, offered to prove the truth of the matter asserted. Fed. R. Evid. 801. If Exhibit B is offered to prove that Mr. Winston's statements are true, the defendants must have the opportunity to cross-examine Winston, the declarant. If the only significance lies in the fact that Mr. Winston spoke with Carolyn P. Smith, the credibility of Mr. Winston is irrelevant, and the opportunity to cross-examination Ms. Smith would permit an exploration of her credibility. *Associated Randall Bank v. Griffin, Kubik, Stephens & Thompson, Inc.*, 3 F.3d 208 (7th Cir. 1993).

Some statements in the newspaper article plausibly suggests that Officer Randolph acted unreasonably under the circumstances. Those statements are attributed to Mr. Winston, whose remarks suggest that Johnson was disarmed and had moved away from his weapon before he was shot. The fact that Mr. Winston relayed information to Ms. Smith for her story has no independent

relevance. Because the exhibit is being offered to show the truth of Mr. Winston's statements, Exhibit B is hearsay.

Under the residual exception, a hearsay statement may be admitted if five requirements are met: (1) circumstantial guarantees of trustworthiness, (2) materiality, (3) significant probative value, (4) the interests of justice, and (5) notice. Fed. R. Evid. 807. This narrow exception to the hearsay rule will not be applied because no competent information shows circumstances guaranteeing that the newspaper article's description of Mr. Winston's statements is accurate or that his statements are trustworthy. No information demonstrates that Mr. Winston based his statements on personal knowledge of the events, that he accurately perceived, recalled, and relayed information, that his impressions were free of undue influence (such as friendship with the victim or hostility toward law enforcement) or that his statements are otherwise particularly trustworthy. Even if it were assumed that Exhibit B is admissible, plaintiff failed to disclose the newspaper article or identify Robert Winston or Carolyn P. Smith as witnesses in her discovery responses. The evidence is also barred under Rule 37(c). For these reasons, the information in Exhibit B is not considered in determining whether an issue of fact remains for trial. Fed. R. Civ. P. 56(c)(2).

**IV.    Undisputed Facts**

Keith Randolph was working as an officer for the East St. Louis, Illinois, police department on July 29, 2007. At approximately 3:21 a.m., he heard and responded to gunshots in the area of 10th Street and Division. At about the same time, Michael Baxton, the Chief of Police, was in the same area. Baxton also heard gunshots. A dispatch requesting all units was issued. Randolph arrived at the location in his vehicle, and Baxton arrived in a separate vehicle. Randolph heard another gunshot, ordered two males standing

4

nearby to the ground, and took cover. Randolph heard another gunshot and advanced in the direction of the sound. He observed a man walk from behind a building into a parking lot and saw that the man was carrying a handgun. Randolph took cover once again, raised his weapon, and shouted "POLICE, DROP THE GUN!" The man looked toward Randolph but did not drop his weapon. Randolph yelled a second time, "POLICE, DROP THE GUN!" Michael Baxton overheard Randolph yelling these orders. Baxter contacted the dispatcher to report that shots were still being fired and that an officer was out at the scene. After the second order, the man raised his weapon in an upward motion and pointed it at Randolph. Randolph saw this and fired one shot from his weapon, striking the man. The man fell, and Randolph advanced towards him. Baxton saw Randolph advance towards the fallen man, observed a handgun in the man's hand, and advised Randolph to kick the weapon out of the man's hand. When Randolph reached the man, he kicked the gun away.

The man was identified as Willie Johnson, Jr. Johnson sustained a fatal gunshot wound to the right upper area of his chest. A semi-automatic handgun was recovered from the scene.

## V. Reasonableness of Deadly Force

Randolph argues that the evidence shows that he reasonably thought Johnson heard his first order to drop the gun because Johnson looked toward him after the order was issued. When Johnson raised his weapon and pointed it at Randolph, he claims he reasonably thought Johnson intended to shoot him. He claims his shot was necessary to prevent harm to himself or others in the vicinity.

Weighing each of the factors outlined above, the evidence would not support a finding that Randolph's use of deadly force was objectively unreasonable.

5

## VI. Municipal Liability

No evidence has been submitted to support a finding of municipal liability.

## VII. Conclusion

Defendant's motion (Doc. No. 46) is GRANTED.  Judgment shall be entered in favor of Officer Keith Randolph and City of East St. Louis and against Brenda Williams on the Amended Complaint.

**IT IS SO ORDERED.**

**DATED:  March 28, 2011  .**

    **S/Philip M. Frazier**
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**